IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                       )<br>                     Plaintiff,         )<br>                                                       )<br>         v.                                        )<br>                                                       )<br>DANIEL SALAIS,                         )<br>                                                       )<br>                     Defendant.      )<br>                                                       ) | 8:05CR420<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the appeal, Filing Nos. 41 and 43, from the order of the magistrate, Filing No. 40.  The government indicted the defendant charging him with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1), one count of using a firearm in a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Filing No. 13, Superseding Indictment.  Thereafter, defendant filed a motion to suppress, Filing No. 21.  Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendations to which the parties object.  *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  Failure to engage in the required de novo review is reversible error.  *Id.* at 599-600.  The court has conducted a careful de novo review pursuant to 28 U.S.C. § 636(b)(1)(A) of the record; the transcript of the proceeding, Filing No. 39; the defendant's appeal and brief, Filing Nos. 41, 42, 43 and 44; the government's brief in opposition, Filing No. 28; and the magistrate's report and recommendation, Filing No. 40.  The court concludes that the appeal should be

denied and the magistrate's report and recommendation adopted as it is not clearly erroneous or contrary to law.

Defendant seeks to suppress photo identifications made by two witnesses for the government. The magistrate conducted a hearing on this issue. He determined that the photo identifications may very well have been suggestive and in violation of the law. However, the magistrate concluded that given the totality of the circumstances the picture identification would not be suppressed.

Two persons testified at the suppression hearing. Ronald Warner testified that he and the defendant were incarcerated together in Dakota County Jail. Warner had received his third DUI and was driving with a suspended license. Warner met "Puppet," later identified as the defendant in this case, while in jail. They lived in the same pod and had daily conversations with each other for several weeks. Warner testified that after being released from jail, he had several conversations with Puppet, met with Puppet about drugs, and then later purchased drugs from Puppet at Puppet's home. Warner then contacted Nebraska State Patrol Officer Terry Kenny about Puppet. Officer Kenny showed Warner a single picture of the defendant. Warner identified the picture of the defendant as the person he knew as Puppet.

The second government witness to testify was Travis Ehlers. Ehlers testified that he met the defendant through a friend. According to Ehlers, he bought drugs from Puppet three or four times per week. The purchases took place at a trailer park and lasted approximately six to eight weeks. Ehlers would call Puppet to set up the buy. On November 5, 2005, the police pulled Ehlers over as he left his meeting with Puppet. The police arrested Ehlers, and shortly thereafter, Officer Kenny appeared and showed a

picture of the defendant to Ehlers. Ehlers identified the picture as Puppet. The police charged Ehlers with a drug felony, and he is currently awaiting his trial. He testified that he is hopeful he will receive probation. However, he testified that no deal has been offered to him at this time in exchange for his testimony in this case.

Defendant argues that both identifications were unduly suggestive. The magistrate agreed and this court agrees. The police conducted a one-person show-up which is impermissibly suggestive. *See Stovall v. Denno*, 388 U.S. 293, 302 (1967) ("The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned."). The witnesses were shown only one picture. They were not asked in advance to describe the defendant. They did not view a lineup or a photo display of multiple people. The court finds that the manner in which the officers conducted this identification is unduly suggestive.

However, the inquiry does not stop there. The court must next determine if the totality of the circumstances suggests that the procedure used created a substantial likelihood of irreparable and incorrect identification. *United States v. Johnson*, 56 F.3d 947, 953 (8th Cir. 1995). A likelihood of misidentification violates a defendant's right to due process. *Neil v. Biggers*, 409 U.S. 188, 198 (1972); *United States v. Rundell*, 858 F.2d 425, 426-27 (8th Cir. 1988). The court in *Rundell* stated:

> In evaluating reliability, the court must consider the following factors: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*Id.* at 427. The magistrate analyzed these factors and applied them to the facts in this case. He determined, and the court agrees, that both witnesses had ample opportunity to observe the defendant prior to viewing the photograph; that little time elapsed since the witnesses had dealt with the defendant; that the witnesses were certain that the defendant and Puppet were one and the same; and that the witnesses had sufficient independent contact with the defendant so as to be able to identify him. The court has carefully reviewed the record and determines that the likelihood of misidentification in this case is not substantial. Accordingly, the court will deny defendant's appeal.

IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 21, is denied;

2. Defendant's appeals, Filing Nos. 41 and 43, are denied; and

3. The report and recommendation of the magistrate, Filing No. 40, is adopted in its entirety.

DATED this 17th day of May, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge