IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>                       Plaintiff,        )<br>                                                              )<br>         v.                                                 )<br>                                                              )<br> DANIEL SALAIS,                                )<br>                                                              )<br>                       Defendant.   )<br>                                                              ) | 8:05CR420<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's Motion and Amended Motions to Vacate under 28 U.S.C. § 2255. Filing Nos. 90, 92 and 95. The court ordered the government to answer, Filing No. 96, and the government has done so. Filing No. 99. The court appointed counsel for defendant, Filing Nos. 100 and 101, and counsel has likewise filed a response. Filing No. 104.

## BACKGROUND

On November 17, 2005, a two-count indictment was filed charging the defendant with conspiracy to distribute methamphetamine (Count I), and distributing methamphetamine (actual) (Count II). Filing No. 1. On December 15, 2005, a four-count superseding indictment, Filing No. 13, was filed. Count III charged defendant with possession and carrying a firearm in relation to a drug trafficking conspiracy; and Count IV charged defendant with being a felon in possession, in violation of 18 U.S.C. § 922(g)(1). A jury trial was scheduled, but a week or two before the trial the defendant filed a petition to enter a guilty plea and plea agreement. Filing Nos. 49 and 50. Defendant agreed to plead guilty to Counts I and IV of the superseding indictment. Counts II and III were dismissed at sentencing. Defendant agreed to waive his right to appeal both his conviction and sentence. Filing No. 50, at Page ID #173.

During the plea hearing, the court discussed the plea terms with the defendant. The court also discussed defendant's right to a jury trial and the elements of proof as to both counts. Defendant confirmed that his attorney had talked with him about the charges, evidence and penalties. A question arose regarding whether defendant and counsel had fully discussed the potential enhancement under the sentencing guidelines as they related to the firearms charges. The court then recessed and continued the hearing, so defendant could discuss the enhancement issue with his counsel. The hearing resumed two and a half weeks later, and defendant indicated his wish to proceed with the plea. The court asked questions to ensure that the defendant understood his rights and his waiver of rights. Thereafter, the prosecutor set forth the factual basis relating to the two counts. The government indicated that five firearms were recovered.

At sentencing, the court accepted the plea agreement. Defendant objected to the two-level increase for possession of a firearm at the time of his arrest. He argued that the enhancement should not apply because the weapon was found at his residence and he was not there at the time of arrest; and second, there was no evidence that the weapon found in his vehicle at the time of arrest under the seat was either loaded or unloaded. Defendant argued this related to Count III which was dismissed.

The court permitted testimony from Nebraska State Patrol Investigator and DEA Task Force Officer Terry Kenny that on the day of the arrest a loaded magazine for a 9mm handgun was seized from the center console in the vehicle driven by the defendant, and that firearms were seized from the defendant's residence. Officer Kenny also testified that a cooperating witness had seen handguns with the defendant during various drug purchases. In addition, after receiving his *Miranda* rights, defendant told the officers there

were guns and money in his trailer. He said he did not own the trailer or the guns, but he indicated he had handled the guns and his fingerprints would be on them. The court then continued the hearing to review the evidence and consider the issue regarding the enhancement. Thereafter, the court determined the enhancement was appropriate and sentenced the defendant. The court further reminded defendant of his right to appeal, and then reminded him that he had waived his right to appeal. Defendant then appealed on the issue of whether he "was in possession of a firearm."

Thereafter, the case was dismissed, and judgment filed on February 16, 2007. Filing No. 84. On August 11, 2010, more than three years later, defendant filed this § 2255 action. Filing No. 90.

## STANDARD OF REVIEW

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations § 2255 actions. 28 U.S.C. § 2255(f). This date starts on the tenth day after the judgment of conviction becomes final, when the time to file a notice of appeal has expired. *Id*. at 816, f.n. 2. The burden is on the defendant to diligently pursue his § 2255 claim in a timely manner. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817-18 (8th Cir. 2008) (due diligence required defendant make reasonable efforts to discover before a year had passed that his counsel failed to file his notice of appeal).

### Ineffective Assistance

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, defendant has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his

3

attorney's performance "below the minimum standards of professional competence"; and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish deficient performance on behalf of counsel, defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 669.

## DISCUSSION

### *Statute of Limitations*

The government argues that defendant had until May 17, 2008, to file his § 2255 petition, absent equitable tolling. Defendant waited three years to file his § 2255 action. The government points out that equitable tolling is used infrequently and only in those cases where the defendant has diligently pursued his rights. *See Flanders v. Graves,* 299 F.3d 974, 976 (8th Cir. 2005). Defendant contends he tried to contact his counsel for all this time to determine the status of his appeals. He argues he did not know that his appeal had been dismissed. The defendant contends he did not receive notice that the appeal was dismissed until his attorney, Hugh Abrahamson, sent him a responsive letter dated June 22, 2010. However, the court notes the defendant did attach several copies of letters he did receive from the Eighth Circuit. Further, there is a letter from defendant's attorney dated February 16, 2007, indicating the appeal had been dismissed. Even if defendant did not receive the letter, or if counsel did not send the letter, the Eighth Circuit does not necessarily view that as a claim for ineffective assistance so as to permit equitable tolling. As stated by the Eight Circuit: "Ineffective assistance of counsel, where it is due to an

4

attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *United States v. Martin*, 408 F.3d 1089, 1093-94 (8th Cir. 2005); *but see, Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (one-year limitations period subject to equitable tolling in extreme circumstances where delay is attributable to attorney's failure to satisfy the standards of care). The defendant is entitled to the defense of equitable tolling, only if he shows that he has pursued his rights diligently and that some extraordinary circumstance stopped him from timely filing. *Id.* at 2362. The court has reviewed the record and finds no basis for equitable tolling. His appeal was filed. The Eighth Circuit dismissed it and copied him on the letter accompanying the dismissal order. Filing No. 84-2. There is no evidence that he diligently pursued his appeal. Accordingly, the court finds the statute of limitations for the filing of the habeas petition bars this § 2255 action.

### *Ineffective Assistance of Counsel*

However, even if the court determined that equitable tolling applied, the court finds there is no merit to defendant's claim. Defendant pled guilty to Count IV. He now says his attorney should have told the court he wanted a jury trial and to withdraw his guilty plea to the firearm enhancement and charge. The defendant offered no evidence to support this assertion, and he did not say anything in support of this contention during either the plea or the sentencing hearing. The Eighth Circuit has stated: "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) *(citing Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985)). During the hearing, the defendant admitted he understood the

5

charges and sentencing ranges with regard to Count IV and stated he accepted the responsibility and pled guilty. Further, constructive possession is sufficient to find possession of a firearm. *See United States v. Abdul-Aziz,* 486 F.3d 471, 477 (8th Cir. 2007); *United States v. Boykin*, 986 F.2d 270, 274 (8th Cir. 1993). The evidence received by the court is more than sufficient to make a finding of possession of the firearm.

The court finds no evidence that counsel's performance was ineffective and below the minimum standards. The court finds no evidence that the outcome of the case would have been any different had defendant gone to trial in any event and no evidence of prejudice by counsel's performance. *See Nupdal v. United States*, No. 11-1185 *2-3 (8th Cir. Feb. 2, 2012) (to be successful on an ineffective assistance claim the defendant must show deficient performance and also prejudice to the defendant by that performance). Accordingly, the court will likewise deny the § 2255 motion on the merits.

THEREFORE, IT IS ORDERED:

1. That the defendant's Motion and Amended Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Filing Nos. 90, 92 and 95, are denied.

2. A separate Judgment will be entered.

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 3rd day of February, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
U.S. District Judge

6